CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 1 3 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

HENRY D. GRUBB,                          )        CASE NO. 3:04CV00074

      Plaintiff                       )

v.                                       )        REPORT AND RECOMMENDATION

                                         )

JO ANNE B. BARNHART,                     )        By:  B. Waugh Crigler
Commissioner of Social Security,                  U. S. Magistrate Judge

      Defendant                       )

      This challenge to a final decision of the Commissioner which denied plaintiff's

January 9, 2002 claim for a period of disability and disability income benefits under the Social

Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423, is before this court under authority of

28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth

appropriate findings, conclusions and recommendations for the disposition of the case.  The

question presented is whether the Commissioner's final decision is supported by substantial

evidence, or whether there is good cause to remand the case for further proceedings. 42 U.S.C. §

405(g).  For the reasons that follow, the undersigned will RECOMMEND that an order enter

AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and

DISMISSING the case from the docket of the court.

      In a decision eventually adopted as a final decision of the Commissioner, an

Administrative Law Judge (Law Judge) found that plaintiff met the special earnings requirements

1

of the Act on the alleged date of his disability onset. (R. 25.)  He also determined that the medical evidence established plaintiff suffered back pain, which was a severe impairment, but which did not meet or equal the requirements of any listed impairment (R. 19.)  He further found that plaintiff's allegations regarding his limitations were not totally credible. (R. 25.)  As a result, the Law Judge concluded that plaintiff possessed the residual functional capacity, notwithstanding his impairment, to perform "sedentary work, which involves lifting no more than 10 pounds at a time." (R. 24.)  Because plaintiff's past work was found to be at least in the light exertional category, the Law Judge determined that plaintiff is unable to perform his past relevant work.  (*Id.*)  Upon application of the Medical-Vocational Guidelines ("grids"), the Law Judge determined that jobs were available to plaintiff in the national economy. (R. 25.)[1]  Thus, the Law Judge necessarily made an implicit finding that plaintiff did not suffer any non-exertional limitations.  Accordingly, the Law Judge found plaintiff not disabled under the Act.  (*Id.*)

While the case was on administrative appeal to the Appeals Council, plaintiff submitted additional evidence. (R. 177-185.)  The Appeals Council found that neither the record, nor the new evidence, nor the reasons the plaintiff advanced on appeal provided a basis to review the Law Judge's decision. (R. 5-7.)  Accordingly, it denied review and adopted the Law Judge's decision as the final agency decision.  This action ensued.

The Commissioner is charged with evaluating the medical evidence, assessing symptoms, signs, and findings, and, in the end, determining the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Hays v. Sullivan*, 907 F.2d 1453 (1990); *Shively v.*

---

[1]Although Dr. Gerald K. Wells, a vocational expert (VE), was present at the hearing, neither the Law Judge nor plaintiff's attorney elicited any testimony from him. (R. 187-211.)

2

*Heckler*, 739 F.2d 987 (4ᵗʰ Cir. 1984). In that connection, the regulations grant the Commissioner some latitude in resolving inconsistencies in evidence and the court reviews the Law Judge's factual determinations only for clear error. 20 C.F.R. §§ 404.1527 and 416.927; *See also Estep v. Richardson*, 459 F.2d 1015, 1017 (4ᵗʰ Cir. 1972). In the end, if the Law Judge's resolution of the conflicts in the evidence is supported by substantial evidence then the Commissioner's final decision must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640 (4ᵗʰ Cir. 1966).

Plaintiff's first contention is that the Law Judge failed to accord proper weight to the opinion of examining neurologist Dr. Puzio. The undersigned notes that plaintiff has been seen by a number of treating and examining medical sources for his back pain, and, as noted by the Law Judge, "all are in agreement that there are no medical signs or diagnostic findings to account for his complaints of pain and left leg numbness," and all of the numerous medical tests show results within normal limits. (R. 23.) Only Dr. Puzio, a one-time examiner, mentioned the need for plaintiff to remain in a reclined position for a significant period of time, a determination the Law Judge found to be unsubstantiated by the doctor's own medical findings. (R. 24.) The Law Judge thus chose to credit the views of the treating sources and state agency assessors concerning plaintiff's physical limitations over those provided by Dr. Puzio. In this case, the undersigned cannot say that the Commissioner's resolution of the conflict between Dr. Puzio's statement and the other findings on the record is unsupported by substantial evidence. The opposite, in fact, is true.

Furthermore, the medical records submitted as additional evidence to the Appeals Council did not include any new or material information that could have affected the Law

3

Judge's decision had it been before him in the first instance. Rather, the records further confirm the Law Judge's finding that there is no medical evidence to account for plaintiff's pain, and thus do not qualify as new evidence to support a remand to the Commissioner for further proceedings.

Plaintiff's second contention is that the Commissioner's assessment of plaintiff's credibility is flawed. Plaintiff again relies on Dr. Puzio's opinion to support his contention that he is unable to work, as well as attacking the Law Judge's use of plaintiff's Daily Activities Questionnaire and defending his apparent noncompliance with medical treatment. The undersigned agrees that a claimant's daily activities should not be the sole basis of a decision to discredit his testimony about the effects of his malady. Evidence of daily activities is often limited to caring for oneself, bearing little connection to a vocational setting, and a Law Judge's findings as to claimant's daily activities often appears to be offered as a rationale for rejecting medical evidence. Here, however, the plaintiff's treating sources have offered no functional assessments of plaintiff's work capacity, and the Law Judge appropriately analyzed plaintiff's daily activities in accordance with the regulations as a factor in determining his work-related capacity. 20 C.F.R. §§ 404.1529(c)(3)(i).

In addition to plaintiff's statements about his daily activities, the Law Judge also referred to the records from plaintiff's physicians. Along with noting several examples of noncompliance with prescribed medical treatment, the Law Judge also pointed out other instances where plaintiff's testimony conflicted with the physicians' records. (R. 23-24.) Again, the undersigned cannot say that the Commissioner's decision as to plaintiff's credibility is unsupported by substantial evidence. In fact, far from ignoring all of plaintiff's testimony, the Law Judge accorded significant weight to his subjective complaints of pain. Instead of merely

4

limiting plaintiff's residual functional capacity to that at the medium exertion level, as recommended by the state agency medical consultants, he went further and found plaintiff's work capacity to be limited to sedentary work.

Plaintiff's is that it was an error for the Commissioner to rely on the grids to meet her burden at the final step of the sequential inquiry because plaintiff's residual functional capacity is far more limited than the Law Judge found. Again, plaintiff's argument is based on a single statement from a one-time examiner, Dr. Puzio, that plaintiff's pain "could require him to stay in a reclined position, typically a recliner, for two or more hours a day during normal work hours," a statement the Law Judge reasonably determined did not deserve controlling weight. (R. 24.) The Law Judge may rely solely on the grids, without obtaining evidence from a vocational expert ("VE"), when there is no non-exertional impairment, such as pain, which would preclude that individual's ability to perform work that he is otherwise capable of performing. *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989); *Grant v. Schweiker*, 699 F.2d 189 (4th Cir. 1983). Here, the weight of the medical evidence as well as the evidence of the state agency examiners supports the Law Judge's finding that plaintiff is able to perform the full range of sedentary work, and thus no evidence from a VE was required.

For these reasons, it is RECOMMENDED that an order enter AFFIRMING the final decision of the Commissioner, GRANTING judgment to the defendant and DISMISSING this action from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof.

5

Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

7/13/05
Date